```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/16/2020_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CESAR RAMIREZ, individually and on behalf of others similarly situated,

                Plaintiff,

-against-

HARISHIVJI IN.C (D/B/A ASHOKA), GAURI SHANKAR, and ANTHONY DOE,

                Defendants.

19 Civ. 4172 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

    Plaintiff, Cesar Ramirez, brings this action against Defendants, Harishivji, Inc., Gauri Shankar, and Anthony Doe, for, *inter alia*, unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* ECF No. 1. Having reached a settlement, the parties seek the Court's approval of their proposed settlement agreement. *See* Letter, ECF No. 35. For the reasons stated below, the motion to approve the settlement agreement is GRANTED.

**DISCUSSION**

I.    <u>Legal Standard</u>

    The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

    In accord with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017). To determine whether a settlement is fair and reasonable, courts consider:

>    the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* (citation omitted).

   II.   Analysis

The Settlement provides for Defendants to pay Plaintiff a total award of $10,800, comprising $7,200 in damages and $3,600 in attorney's fees and costs. Settlement Agreement and Release ("Settlement") § 1, ECF No. 35-1; Letter at 2. The parties' letter identifies Plaintiff's alleged unpaid wages to be in the amount of $51,000, and estimates that Plaintiff's full recovery could be as much as $125,658. Letter at 1–2. However, Defendants disputed Plaintiff's hours worked, and state that they intended to provide witnesses showing that he worked significantly fewer hours than claimed, which would have reduced if not defeated his recovery. *Id.* at 2. Moreover, Defendants have several creditors, are on a payment plan with the New York State Department of Taxation, and represented that they would likely declare bankruptcy if the case proceeded. *Id.* "Obstacles to collection may justify a reasonable settlement for an amount less than the maximum amount Plaintiff[] might have recovered otherwise." *Villanueva v. 179 Third Ave. Rest Inc.*, No. 16 Civ. 8782, 2018 WL 3392870, at *2 (S.D.N.Y. July 12, 2018). Additionally, this case settled quite early, allowing the parties to avoid significant litigation expense; the parties state that they engaged in "extensive settlement discussions" at arms length; and there is no evidence of fraud or collusion. Letter at 1–2. The Court concludes, therefore, that the Settlement satisfies each of the *Wolinsky* factors.

In addition, the release provision in the Settlement is not overly broad, as it releases Defendants from claims "relating specifically to the claims in [this suit] as of the [e]ffective [d]ate of [the Settlement]." Settlement § 2. The Settlement also contains no confidentiality provision. The Court is, therefore, satisfied that the Settlement is fair and reasonable.

Turning to attorney's fees, Plaintiff's counsel seeks to recover $3,600 in fees and costs, which constitutes one-third of the total recovery. Letter at 2; Settlement § 1. The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiff] and [his] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). "Contingency fees of one-third in FLSA cases are routinely approved in this [c]ircuit." *Prabir v. Bukhara Indian Cuisine, Inc.*, No. 17 Civ. 3704, 2019 WL 1129433, at *4 (S.D.N.Y. Mar. 12, 2019) (collecting cases). Nonetheless, as a check on the reasonableness of attorney's fees, courts still calculate the total cost of attorney's hours billed, previously known as the lodestar method. *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *5 (S.D.N.Y. Feb. 1, 2010).

Plaintiff's counsel's lodestar calculation is $5,400 attorney's fees and $566 in costs. Timesheet, ECF No. 35-3. Michael Faillace billed 4 hours at a rate of $450 per hour, and Jesse Barton billed 9.6 hours at a rate of $375 per hour. *Id.*; Letter at 3.

The rates proposed by Mr. Faillace and Mr. Barton have been rejected repeatedly in recent cases by courts in this district, which have generally held that Mr. Faillace's reasonable rate in a straightforward case is $400, and Mr. Barton's is $225. *See, e.g.*, *Perez Garcia v. Hirakegoma Inc.*, No. 17 Civ. 7608, 2020 WL 1130765, at *12 (S.D.N.Y. Mar. 9, 2020); *Velazquez Cuautle v. Hudson Mkt. 303 LLC*, No. 18 Civ. 2968, 2019 WL 5569603, at *1 (S.D.N.Y. Oct. 29, 2019) ("Courts have routinely found that Mr. Faillace's and his firm's charged hourly rates are excessive."); *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302, 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) ("The Court also finds that managing partner Michael Faillace's rate of $450 per hour is excessive."); *Mercedes v. Tito Transmission Corp.*, No. 15 Civ. 1170, 2019 WL 102007, at *14 (S.D.N.Y. Jan. 4, 2019) ("[S]everal courts in both this District and in the Eastern District of New York have recently approved only a reduced hourly rate of $225 for Barton in uncomplicated cases.") (collecting cases). This case, like those, was not particularly complicated, nor did the tasks perform require any particular expertise. Following those courts, the Court will reduce Mr. Faillace's rate to $400 per hour and Mr. Barton's to $225 per hour for purposes of calculating the lodestar.

Applying those reduced rates to Plaintiff's counsel's fee calculation—which the Court finds to be otherwise reasonable—the lodestar calculation encompasses 4 hours at $400 for Mr. Faillace ($1,600), and 9.6 hours at $225 for Mr. Barton ($2,160), for a lodestar amount of $3,760. Added to that are $566 in costs, which the Court finds to be reasonable, for a total of $4,326.

The requested award of $3600 is slightly less than the lodestar amount, confirming its reasonableness. Accordingly, the Court approves Plaintiff's counsel's fee-and-cost award of $3,600.

## CONCLUSION

The parties' motion for settlement approval is GRANTED. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: April 16, 2020
      New York, New York

_____
ANALISA TORRES
United States District Judge